**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

```
*******************************************
In re:                                    *
                                          *
FRANK C. RING                             *    Chapter 13
and                                       *    Case No. 06-20066
MADOLIN J. RING                           *
                                          *
    Debtors                               *
                                          *
*******************************************
In re:                                    *
                                          *
LYDIA J. BUTLER                           *    Chapter 7
                                          *    Case No. 06-20115
    Debtor                                *
                                          *
*******************************************
```

**Memorandum of Decision**

In these two post-BAPCPA cases, consumer debtors seek orders determining that they have not violated the Bankruptcy Code's requirements for providing the trustee with copies of pre-bankruptcy tax returns, 11 U.S.C. § 521(e)(2)(A)(i)[1], even though copies of the returns have not been, and will not be, provided to the trustee in either case. Although I agree that the debtors are in compliance and, therefore, their cases are not subject to dismissal, I reach that conclusion based on the facts presented, rather than the statutory construction the debtors urge. I recognize that this approach fails to establish the "bright line" sought by counsel, but I believe that the long term answer to the problem these cases typify lies, first, in trustee policy, and only second (in the

---

[1] Unless otherwise indicated, all statutory sections cited are those of the Bankruptcy Reform Act of 1976, as amended ("Bankruptcy Code" or "Code") 11 U.S.C. § 101 et seq, through the most recent amendments, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8).

1

event of contest) in legal conclusions. In addition, although the debtors will receive the order they covet, one confirming statutory compliance, I note that the preemptive process they have employed is unsuited to § 521(e)(2)'s structure and that motions seeking comfort orders on this point will not be entertained in the future.

## Background

Frank C. Ring and Madolin J. Ring filed for Chapter 13 relief on March 7, 2006. Their creditors' meeting was scheduled for April 21, 2006, and they filed their Motion to Determine Compliance on April 4. Schedule I reveals that the Rings' household income consists entirely of Social Security benefits. For over ten years, that income has been insufficient to require filing a federal income tax return. Not surprisingly, they have not done so. The Rings have asked the Internal Revenue Service to provide them information about, or copies of, the last tax return they filed. It has been unable to do so.

Lydia Butler filed for Chapter 7 relief on March 31, 2006, with her creditors' meeting scheduled for May 3, 2006. She filed her Motion to Determine Compliance on April 4.[2] Her sole income is from Social Security benefits. Because it has not been required of her, she has not filed a federal income tax return for approximately twenty years.

## Discussion

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 imposed a host of new requirements on debtors. See, e.g., § 109(h) (requiring debtors, in most cases, to obtain credit counseling prior to filing); § 727(a)(11) (requiring Chapter 7 debtors to complete financial

---

[2] A hearing was held on both motions on April 12. Debtors' counsel presented argument, and the Chapter 13 trustee supported the motions. The debtors were given the opportunity to supplement the record. They have now done so.

2

management course in order to receive discharge); § 1328(g)(1) (same, for Chapter 13 debtors); § 521 (imposing various new filing requirements).  As the statute is constructed, failure to file certain required items can result in "automatic dismissal" after 45 days.  In re Fawson, 338 B.R. 505, 510-11 (Bankr. D. Utah 2006) (case dismissed automatically by operation of law on 46th day after filing if debtors fail to file items required by § 521(a)(1)); § 521(i)(1).[3]  BAPCPA also requires debtors to provide the trustee with tax information.  Section 521(e)(2) states:

> (A) The debtor shall provide -
>
>> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and
>> (ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.
>
> (B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.
>
> (C) If a creditor requests a copy of such tax return or such transcript and if the debtor fails to provide a copy of such tax return or such transcript to such creditor at the time the debtor provides such tax return or such transcript to the trustee, then the court shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return or such transcript is due

---

[3]    Section 521(a)(1) requires that certain designated items (e.g., payment advices, monthly net income calculations) be filed.  Section 521(i)(1) provides for automatic dismissal if the debtor fails to "file all of the information required under subsection (a)(1)" within 45 days of the petition. Addressing the substance of the BAPCPA's automatic dismissal mechanism, or resolving the mis-match between *items* and *information* is, happily, unnecessary today.

to circumstances beyond the control of the debtor.

11 U.S.C. § 521(e)(2).

The subsection's structure makes it plain that delivery of the tax returns (or transcripts) to the trustee (or a timely requesting creditor) must be made, on pain of dismissal, but it is equally clear that dismissal for this particular default is not automatic.  See In re Duffus, __ B.R. __, No. 05-75085-FRA7, 2006 WL 851122, at *2 (Bankr. D. Or. March 8, 2006) (recognizing that "ordinary predicate" for an order of dismissal for violation of § 521(e)(2) will be a motion to dismiss filed by trustee or creditor).[4]

Against this backdrop the debtors urge that I provide them with a comfort order determining that they have complied with § 521(e)(2)(A)'s dictates, thus insulating them from dismissal.  They point the route to such an order by way of a construction of the statute, focusing on the words "immediately before commencement ...," that limits its historical reach to the year of bankruptcy or the year immediately preceding it.[5]  That argument, based on comparison with

---

[4] For now it is enough to observe that tax return delivery defaults are not grounds for automatic dismissal *a la* § 521(i)(1).  Whether § 521(e)(2)(C)'s contribution is as redundant and pointless as it appears must be left for a day when somebody attempts to infuse it with content beyond that which already appears in § 521(e)(2)(B).  E.g., 4 Lawrence P. King, *Collier on Bankruptcy* ¶ 521.20 n.4 (15th ed. rev. 2005) (noting that "[t]hese two paragraphs appear to be duplicative of each other.").

[5] The debtors argue that "the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed" necessarily means that:

> only debtors who are required by applicable law to file tax returns within two years of filing of the case are required to transmit copies of such tax returns to the Trustee.  If the debtor has not yet filed the tax return for the year immediately before the filing of the case because it is not yet due (either on its original due date or by extension) such debtor must file the previous year tax return which was actually filed.

4

other sections of the Code, e.g., § 1308(a) (requiring Chapter 13 debtors to file tax returns with taxing authorities and clearly stating the requirement extends 4 years back from the petition date), and logic (to the extent tax returns reveal information about debtors' incomes and budgets, what good is stale information?) has abstract appeal to be sure, but goes beyond today's needs.

Taking such a route to decision would draw a bright line to guide future debtors as to whether tax returns need be filed if none have been required to be filed in the two years immediately preceding bankruptcy. The difficulty in traversing that route is that such a broad pronouncement is unnecessary in these cases. The Rings and Ms. Butler have established that

---

Motion to Determine Compliance, Case No. 06-20115 (Butler), dckt. no. 4, at ¶ 5; Case No. 06-20066 (Ring), dckt no. 9, at ¶ 5. They are not alone in their construction of the statute. In its effort to elucidate the meaning of § 521(e)(2)(A), *Collier's* also suggests a relatively narrow reading of the "somewhat unclear" statutory language:

> It appears to require a tax return or transcript only for the most recent year, and not to require it if no return was required or filed in that year. If it were read otherwise, to require a return or transcript for the most recent tax year in which a return was both required and filed, it could require a return or transcript from 20 or 30 years before the case, which might be impossible to obtain and obviously of no relevance to the case.

*Collier on Bankruptcy* ¶ 521.20. As the provision is so new, and the cases filed since its enactment so few, no authority for its position is cited.

Arguing against the debtors' (and *Collier's*) preferred construction is legislative history:

> In addition, section 315(b) [of the BAPCPA] requires such debtor to provide the trustee not later than seven days before the date first set for the meeting of creditors a copy of his or her Federal income tax return or transcript (at the election of the debtor) *for the latest taxable period ending prior to the filing of the bankruptcy case for which a tax return was filed*. Should the debtor fail to comply with this requirement, the case must be dismissed unless the debtor demonstrates that such failure was due to circumstances beyond the debtor's control. Upon request, the debtor must provide a copy of the tax return or transcript to the requesting creditor at the time the debtor supplies the return or transcript to the trustee.

H.R. Rep. No. 109-31, pt. I, at 78 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88 (emphasis added).

5

their failure to provide tax returns to the trustee is due to circumstances beyond their control within the meaning of § 521(e)(2)(B). They have not filed returns in over 10 years, and the returns are not available from the I.R.S. Consequently, their failure to provide the returns to the trustee or a requesting creditor would not justify dismissal of their cases.

Counsel for the Rings and Ms. Butler questions whether this means that, in every future case where old returns are not at hand (and have not been required to be filed for years), he must make inquiry of the I.R.S. and file preemptive motions such as these to stave off dismissal. I think not, for several reasons.[6]

To begin, defalcation on the tax return provision requirement does not lead to automatic dismissal - a motion to dismiss, triggering notice and a hearing - and a chance to defend - is necessary. See § 521(e)(2)(B); Fed. R. Bankr. P. 9013. The trustee has discretion to pursue dismissal, excuse noncompliance, or accept tardy compliance if he or she chooses. Duffus, 2006 WL 851122, at *1-*2 (trustee's motion to dismiss denied in case where trustee failed to recognize his own "prosecutorial discretion" in bringing such motions, and trustee did not support dismissal). As practice develops under BAPCPA trustees will gain experience with these matters and arrive at a sensible approach, exercising judgment in the nature of "prosecutorial discretion." And the pool of creditors who might file such a motion is limited. In order to be aggrieved, the *creditor* must have made a request to be provided the return "at the same time" they are provided to the trustee. § 521(e)(2)(A)(ii). As that request must have been "timely" made, id., it must have been made in time for the debtor to provide the return to the

---

[6] Would it be preferable if the statute were clear? Of course. But this court will not be put to construing the statute where there is no need.

creditor "no later than" seven days before the § 341 meeting. Thus, there is no opportunity for a creditor to lie in the weeds and surprise the debtor with an unanticipated dismissal motion.[7]

Finally, now that the operation of § 521(e)(2)(A)(i) & (ii) has been clarified, it is apparent that anticpatory motions such as those filed by these debtors are unnecessary. I will enter the order the debtors seek *in these two cases only*, but in the future will decline to entertain such motions, awaiting a § 521(e)(2)(A)(i) or (ii) dismissal motion and joinder of the issues on the merits. Ruling on what are essentially affirmative defenses before motions are filed may comfort potential respondents, but is not a wise devotion of court resources and likely would run afoul a jurisdictional essential: that a "case or controversy" exist.

## Conclusion

For these reasons, I conclude that the debtors' failure to provide tax returns to the trustee under § 521(e)(2)(i) is not ground for dismissal of their cases.

May 2, 2006
_____
Date

/s/ James B. Haines, Jr.
_____
James B. Haines, Jr.
U.S. Bankruptcy Judge

---

[7] In other words, any creditor request for a copy of the return or transcript under this section must necessarily be made *before* the last date by which the debtor must provide a copy to the trustee (7 days prior to the date first set for the § 341 meeting). If the creditor has not made its request before this deadline, the creditor will have no standing to complain about the debtor's failure to provide copies. It could even be argued that if a debtor provides the returns to the trustee *earlier* than seven days before the creditors' meeting, a creditor whose request has not predated the production has not made a *timely* request. Such a construction, silly as it seems, is consistent with the statutory language.